IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-353

| | |
|---|---|
| ASHLEY BAKER OSBY,<br><br>     Plaintiff,<br><br>v.<br><br>SCALY MOUNTAIN OUTDOOR<br>CENTER, LLC,<br><br>     Defendant | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Pursuant to Rule 12 of the Fed. R. Civ. P., the Defendant Scaly Mountain Outdoor Center, LLC, by and through the undersigned counsel, hereby answers and responds to the Plaintiff's Complaint and further Counterclaims against Plaintiff under Fed. R. Civ. P, Rule 13, as follows:

## <u>ANSWER TO COMPLAINT</u>

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are admitted.

1

5. The allegations contained in paragraph 5 are admitted.

6. The allegations contained in paragraph 6 are admitted.

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted.

9. It is admitted that the snow tubing operation uses tubes for the purposes of tubing down a snow-covered slope. It is denied that the tubes are rubber. Except as admitted, denied.

10. The allegations contained in paragraph 10 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, admitted upon information and belief.

11. The allegations contained in paragraph 11 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, admitted upon information and belief.

12. The allegations contained in paragraph 12 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, it is admitted that all persons and entities must follow laws applicable to them.

13. The allegations contained in paragraph 13 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, it is admitted that all persons and entities must follow laws applicable to them.

14. The allegations contained in paragraph 14 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, it is admitted that all persons and entities must follow laws applicable to them and that the cited statute says what it says.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint are admitted.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint are admitted.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are admitted in that tubes with ropes are provided to snow tubing customers, including Plaintiff and others. It is denied that the tubes are rubber.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint are admitted.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint are admitted.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint are denied.

23. It is admitted that at the bottom of the snow tubing run a landing area existed and Astroturf was present. It is denied that the Astroturf was "worn out" and it is further denied that Astroturf is there to slow the descent of snow tube riders.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint are admitted.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint are denied.

29. It is admitted that Defendant's attendants used a system so that enough time and space existed between snow tube riders so that once a rider completed a run, the rider had enough time to exit the landing area before another snow tube entered the landing area. To the extent Plaintiff alleges such a system was not used, said allegations are denied.

30. The allegations contained in paragraph 30 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent necessary, it is admitted that contact could occur between a snow tube rider (who failed to heed the instructions of the attendants, or if a snow tube rider was otherwise negligent in failing to depart the landing area timely) and oncoming snow tubers. Except as admitted, denied.

31. The allegations contained in paragraph 31 of Plaintiff's Complaint are denied.

5

32.  The allegations contained in paragraph 32 of Plaintiff's Complaint are denied.

33.  The allegations contained in paragraph 33 of Plaintiff's Complaint are denied.

34.  The allegations contained in paragraph 34 of Plaintiff's Complaint are denied.

35.  It is admitted that attendants at the bottom of the snow tube run routinely provide verbal instructions to snow tube customers to hurry, and/or to quickly remove themselves from the area or other words to that effect.  It is further admitted that if a snow tube customer does not get themselves up and off their snow tube and out of the way quickly enough, another snow tube customer could come in contact with a negligent customer who took too long to exit.  Except as admitted, denied.

36. The allegations contained in paragraph 36 of Plaintiff's Complaint are admitted, except it is denied that the snow tube is rubber.

37.  The allegations contained in paragraph 37 of Plaintiff's Complaint are admitted.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint are denied.

40. It is admitted that Plaintiff and her family engaged in snow tubing at the Defendant's snow tubing facility after Plaintiff signed the attached contract at Exhibit 1, and that Plaintiff and her family snow tubed of their own volition and free will after Plaintiff signed the contract at Exhibit 1. Except as admitted the remaining allegations in paragraph 40 are denied.

41. The allegations contained in paragraph 41 of Plaintiff's Complaint are admitted.

42. It is admitted that Plaintiff suffered injury on or near Defendant's premises. Except as admitted, denied.

## **FIRST CLAIM FOR RELIEF**
### **(Negligence, Gross Negligence and Recklessness)**

43. Defendant incorporates by reference as is fully set forth herein the above responses as if fully set forth herein.

44. The allegations contained in paragraph 44 state legal conclusions to which no response is required.

45. The allegations contained in paragraph 45 state legal conclusions to which no response is required.

46. The allegations contained in paragraph 46 state legal conclusions to which no response is required.

47. The allegations contained in paragraph 47 state legal conclusions to which no response is required.

48. The allegations contained paragraph 48 including all subparts (a) through (i) are denied.

49. The allegations in paragraph 49 do not appear to require a response of this Defendant. To the extent necessary, denied.

50. The allegations contained in paragraph 50 state legal conclusions to which no response is required.

51. The allegations contained in paragraph 51 state legal conclusions to which no response is required.

52. The allegations contained in paragraph 52 are denied.

## SECOND CLAIM FOR RELIEF

8

## Negligent Training and Supervision

53. Defendant incorporates by reference as is fully set forth herein the above responses as if fully set forth herein.

54. The allegations contained in paragraph 54 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, it is admitted that all persons and entities must follow laws applicable to them. To the extent Plaintiff's allegations are inconsistent with the law applicable to Defendant, denied.

55. The allegations contained in paragraph 54 of Plaintiff's complaint state legal conclusions to which no response is required. To the extent necessary, denied.

56. The allegations contained paragraph 56 including all subparts (a) through (g) are denied.

57. The allegations in paragraph 57 do not appear to require a response of this Defendant. To the extent necessary, denied.

58. The allegations contained in paragraph 58 are denied.

## FOURTH [SIC] CLAIM FOR RELIEF
### PUNITIVE DAMAGES

59. Defendant incorporates by reference as is fully set forth herein the above responses as if fully set forth herein.

60. The allegations contained in paragraph 60 are denied.

61. The allegations contained in paragraph 61 are denied.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. The allegations contained in paragraph 65 are denied.

66. The allegations contained in paragraph 66 are denied.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint should be dismissed because it fails to state a cause of action and/or fails to state a claim upon which relief can be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>
### (Assumption of Risk)

Defendant alleges all of the risks and dangers, if any, existing at the time and place of Plaintiffs' alleged accident and injury were open, obvious, apparent, disclosed to and known by the Plaintiff, as shown by example and not by way of limitation, on the attached Exhibit 1 signed by Plaintiff which indicates that

collisions may occur on the premises as a result of participating in snow tubing activities. Furthermore, Plaintiff was perfectly competent to judge the appropriateness of the circumstances and conditions alleged to be existing at the time and place of the alleged accident and, therefore, by her actions, Plaintiff freely and voluntarily exposed herself to the alleged danger, thereby assuming the risk of being injured in the manner alleged in the Complaint. The Plaintiff assumed the risk of damages and injuries by voluntarily and unreasonably proceeding to encounter a danger which she knew existed or she discovered or she should have known existed or should have discovered in the exercise of reasonable care, and such assumption of risk is pleaded and barred by any recovery of the Plaintiff as to Defendant. Therefore, Defendant is not liable to Plaintiff for any sum whatsoever.

## THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence)

In the event it is determined that this answering Defendant was in any way negligent or otherwise liable to the Plaintiffs, and that such negligence or other liability on the part of this answering Defendant was a proximate cause or the proximate cause of the Plaintiffs' injuries and damages, if any, all of which has been and is once again denied, it is alleged that the Plaintiff was negligent, and/or grossly negligent, and recklessly and/or willfully and wantonly contributorily negligent; and grossly negligent *per se* by violating Chapter 99C of the North

Carolina General Statutes; and that such negligence on the part of the Plaintiff was a proximate cause of Plaintiff's injuries or damages, if any; that such negligence on the part of the Plaintiff is contributory and is pled in complete bar of any purported right of the Plaintiff's to recover anything of the Defendant by way of this action. Plaintiff's contributory negligence includes but is not limited to failing to keep and maintain a proper lookout for her own safety, failing to heed the directions provided by Defendant's staff to remove herself from the area on a timely basis, and violating N.C. Gen. Stat. §§99C-2(b)(2)(1), (2), (3), (4) and § 99C-3, and as may be otherwise shown.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

As an additional defense and without waiving any other defenses available to it, this answering Defendant asserts that Plaintiff's alleged injuries were not proximately caused by any alleged action or inaction by Defendant. Defendant pleads this lack of proximate cause as a bar to any recovery by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (No Breach of Legal Duty)

This Defendant breached no legal duty to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Notice of Intent to move for Bifurcated Trial)

12

To the extent available, the Defendant hereby provides notice that Defendant intends to move for a bifurcated trial on the issues of punitive damages, pursuant to N.C.G.S. § 1D-30.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant's actions were not the legal proximate cause or contributing legal cause of Plaintiff's injuries, and it is specifically denied that any act or omission on the part of Answering Defendant, or its agents, employees, and/or servants, was the sole or proximate cause of Plaintiff's alleged damages and injuries.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of the act or acts of a third person or persons over whom Defendant had no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is barred due to the negligence of Plaintiff, which is the sole cause of any and all alleged injuries and damages, or in the alternative, bars any recovery.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of sudden emergency.

## TENTH AFFIRMATIVE DEFENSE

13

Plaintiff's claims are barred by the doctrines of waiver, accord and satisfaction, release, laches, unclean hands, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce her damages or injuries alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages which may have been sustained, if any, were caused in whole or in part by an intervening and/or superseding event. Pursuant to the doctrine of intervening and superseding negligence all claims against this Defendant are barred; as the other snow tubing participants caused Plaintiff's claimed injuries and damages on the date and time alleged in the Complaint, and those individuals were negligent and/or grossly negligent, and that any or all said acts of negligence by the other patrons were a proximate cause or the proximate cause of the acts alleged, and any injuries and damages received by the Plaintiff, and that such negligence and/or gross negligence constituted a new intervening negligence and superseding negligence and intervening and superseding efficient proximate cause of the Plaintiffs' injuries and damages, if any, and that such intervening negligence and superseding negligence and/or gross negligence insulates any negligence on the part of this Defendant, and said intervening and superseding negligence and/or gross negligence is pled in bar to any recovery by

14

the Plaintiff of the Defendant in this action.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Constitution of the United States (The United States Constitution"), and the constitution of North Carolina, unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt. Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of the North Carolina Constitution, as a deprivation of property without due process, or standards or criteria of due process based upon the following grounds and circumstances, separately and severally assigned:

       a.    Any award of punitive damages against Answering Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable

doubt;

b. There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award and such an award is subject to no predetermined limits;

c. Any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

d. The power and authority imposed upon the jury under North Carolina law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

e. An award of punitive damages should not be permitted to be assessed against Answering Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge of fault on the part of Answering Defendant;

f. An award of punitive damages should not be permitted to be assessed against Answering Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Answering Defendant.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

d.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

e.     Any claim for punitive damages must be dismissed because an award of punitive damages to Plaintiff in this action would constitute a

deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks to make Answering Defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003), on the issue of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

## SIXTEENTH AFFIRMATIVE DEFENSE

That in the event Plaintiff elects to submit medical expenses Plaintiff claims were incurred as a result of incident described in the Complaint, that Plaintiff's damages and evidence be limited pursuant to N.C. Gen. Stat. §8C-1, Rule 414 as the same is a substantive limitation on remedies, as opposed to procedural, and that Plaintiff is not permitted to ask for, publish to the jury, or receive any recovery for phantom damages written off by Plaintiff's medical providers. Rule 414 limits

18

evidence to prove past medical expenses to evidence of the amounts actually paid and necessary to be paid to discharge medical debt and Rule 414 ensures that the court and jury are provided only the actual and necessary costs of the medical care provided.

## EIGHTEENTH DEFENSE

Defendant asserts the contract attached at exhibit 1 as a complete defense to any and all of Plaintiff's claims.

## NINETEENTH DEFENSE AND COUNTERCLAIM

1. Plaintiff Ashely Baker Osby ("Plaintiff") is a citizen and resident of the State of Georgia.

2. Defendant Smoky Mountain Outdoor Center, LLC is a limited liability company organized under the laws of the state of North Carolina and is duly authorized to conduct business in the state of North Carolina.

3. On January 30, 2021, Plaintiff arrived at Defendant's premises for the purposes of engaging in recreational activities offered by Defendant, and specifically snow tubing.

19

4. After Plaintiff arrived at Defendant's facility and before being permitted to engage in any snow tubing activities, Plaintiff reviewed and signed the attached contract, attached as Exhibit 1, which states, inter alia:

**SCALY MOUNTAIN OUTDOOR CENTER LLC ASSUMPTION OF RISK DISCLOSURE NOTICE**

…All of these activities are HAZARDOUS activities, and have certain inherent risks which require the participants to be fully aware of their surroundings, including natural risks, other people, and manmade objects.

…

The following rules apply to all participants of the activities offered and must be followed so you have an enjoyable time and avoid bodily injury and death.

…

14. I understand all these conditions:

Risks of injury to my body, including but not limited to: falling, collisions, tripping, and loss of balance, hyperthermia and falling of other participants.

…

I agree to hold harmless and indemnify Scaly Mountain Outdoor Center, LLC, its agents, employees, and owners for any injuries or death suffered to me or others as a result of my negligence or contributory negligence. Failure to observe the rules, as well as failure to exercise reasonable care while engaging in activities at Scaly Mountain Outdoor Center shall be considered negligent behavior, and bar any recovery for damages from Scaly Mountain Outdoor Center, LLC.

Having read this form, I agree to exercise reasonable care and follow all the rules of SMOC. I understand that these activities are HAZARDOUS, and freely and voluntarily assume all risks of bodily injury or death while engaging in such activities….Please sign below to acknowledge

WAIVER OF LIABILITY for myself and anyone under my guardianship.

[PLAINTIFF'S SIGNATURE SHOWN ON EXHIBIT 1]

5. The document attached as Exhibit 1 is an enforceable contract between Plaintiff and Defendant and the contract was supported by adequate consideration.

6. Plaintiff signed the contract attached as Exhibit 1 of her own accord and of her own free will.

7. If Plaintiff found the terms of the contract at Exhibit 1 unacceptable, Plaintiff could have refused to sign, not pay Defendant any money, and not snow tube at Defendant's facility.

8. If Plaintiff had not signed the contract at Exhibit 1, Defendant would not have been allowed Plaintiff to participate in Defendant's snow tubing activities.

9. Plaintiff signed the contract at Exhibit 1, paid Defendant the snow tubing fees, and snow tubed after having read and assented to all the terms in Exhibit 1.

10. Defendant relied on Plaintiff's execution of the contract at Exhibit 1.

11. Having signed the contract shown on Exhibit 1, Plaintiff is charged with both the knowledge of the writing's contents and her assent to all the contract's terms and conditions shown at Exhibit 1.

12. The contract at exhibit 1 was executed in Macon County, North Carolina.

13. Plaintiff's execution of the contract at Exhibit 1 was a condition precedent to Plaintiff being allowed to snow tube at Defendant's snow tubing location.

## FIRST CAUSE OF ACTION

### (Contractual Indemnification)

14. The above allegations are re-incorporated by reference as if fully set forth herein.

15. Defendant Smoky Mountain Outdoor Center, LLC hereby demands contractual indemnification from Plaintiff in that Plaintiff indemnify and hold harmless Smoky Mountain Outdoor Center, LLC for all her claims and causes of action against Smoky Mountain Outdoor Center, LLC, including all damages Plaintiff seeks in this action and including but not limited to all Defendant's costs and attorney fees.

16. Smoky Mountain Outdoor Center, LLC hereby demands contractual indemnification from Plaintiff and to be held harmless by Plaintiff in an amount believed to be in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, having answered the Plaintiff's Complaint and Counterclaimed against Defendant, Defendant requests as follows:

1. That the Complaint of the Plaintiff be dismissed;

2. That, in the alternative, the Plaintiff have and recover nothing of this answering Defendant by way of this action and that Defendant be indemnified by Plaintiff for all of Plaintiff's claims;

3. That all issues of fact be tried by a jury;

4. That the cost of this action, including this answering Defendant's reasonable attorneys' fees, be taxed against the Plaintiff; and;

5. That this answering Defendant have and recover any other and further relief that the Court may deem just and proper.

This the 21st day of December 2023.

/s/JOHN E. SPAINHOUR
Bar No: 28089
Attorney for Smoky Mountain
Outdoor Center, LLC
McAngus Goudelock & Courie,
PLLC

23

10 Brook Street, Suite 200
Asheville, North Carolina 28803
**Mailing Address:** Post Office Box 30307
Charlotte, North Carolina 28230
(828) 575-1900
jspainhour@mgclaw.com