IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00353-MR-WCM

| | | |
|---|---|---|
| ASHLEY BAKER OSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| SCALY MOUNTAIN OUTDOOR | ) | |
| CENTER, LLC d/b/a as HIGHLANDS | ) | |
| OUTPOST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion to Dismiss
Defendant's Counterclaim (the "Motion to Dismiss," Doc. 8), which has been
referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a
recommendation.

## I.    Relevant Procedural Background

On November 14, 2023, Ashley Baker Osby ("Plaintiff") filed her
Complaint in the Superior Court of Macon County, North Carolina. Doc. 1-1.
Scaly Mountain Outdoor Center, LLC ("Defendant") removed the case on
December 18, 2023 on the basis of diversity. Doc. 1.

Defendant filed an answer and counterclaim on December 21, 2023, Doc.
5, and an amended answer and counterclaim on December 22, 2023, Doc. 6.

1

On January 12, 2024, Plaintiff filed the Motion to Dismiss. Doc. 8. Defendant has responded, and Plaintiff has replied. Docs. 9, 10.

On August 14, 2024, the undersigned conducted a hearing on the Motion to Dismiss.

## II.    The Complaint and Counterclaim

Plaintiff alleges that on January 30, 2021, Plaintiff, her husband, and three of their minor children visited Defendant's outdoor recreational facilities in Macon County, North Carolina where she went "snow tubing," which involves riding an inflated tube down a snow-covered slope at a high rate of speed. Doc. 1-1 at ¶¶ 2, 15, 19, 22, 40.

Plaintiff alleges that she descended the slope on a snow tube, and, while she was standing in a landing area at the bottom of the mountain, two other snow tubers (who had tethered their tubes together) crashed into her, injuring her left leg and left ankle. Id. at ¶¶ 41, 42.

Plaintiff has asserted claims for negligence/gross negligence/recklessness, negligent training and supervision, and punitive damages.

By its counterclaim, Defendant "demands contractual indemnification from Plaintiff in that Plaintiff indemnify and hold harmless Scaly Mountain Outdoor Center, LLC for all her claims and causes of action against Scaly

Mountain Outdoor Center, LLC, including all damages Plaintiff seeks in this

action ….” Doc. 6 at ¶ 15.

This counterclaim is based on an Assumption of Risk Disclosure Notice

(the "Notice," Doc. 6-1),[1] which stated in part:

> I agree to hold harmless and indemnify Scaly Mountain Outdoor
> Center, LLC, its agents, employees, and owners for any injuries or
> death suffered to me or others as a result of my negligence or
> contributory negligence. Failure to observe the rules, as well as
> failure to exercise reasonable care while engaging in activities at
> Scaly Mountain Outdoor Center shall be considered negligent
> behavior, and bar any recovery for damages from Scaly Mountain
> Outdoor Center, LLC.
>
> Having read this form, I agree to exercise reasonable care and
> follow all the rules of the SMOC. I understand that these activities
> are Hazardous, and freely and voluntarily assume all risks of
> bodily injury or death while engaging in such activities ….

Doc. 6-1 at 1.

### III.   Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court

accepts the allegations in the complaint (or counterclaim) as true and construes

them in the light most favorable to the claimant. See Nemet Chevrolet, Ltd. v.

Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v.

---

[1] Defendant attached a copy of the Notice to its counterclaim and the Notice may be considered in connection with the Motion to Dismiss. See Sec'y of State for Defence v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007) ("We may consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009); Broadvox-Clec, LLC v. AT&T Corp., No. PWG–13–1130, 2014 WL 3013275, at \*2 (D.Md. July 2, 2014) ("A counterclaim is 'governed by the same principle, with respect to its sufficiency, as a complaint.'") (quoting Kennedy Lumber Co. v. Rickborn, 40 F.2d 228, 231 (4th Cir. 1930)).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint (or counterclaim) must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility" when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV.   Discussion[2]

### A. Exculpatory Clauses Versus Indemnification Provisions

The North Carolina Court of Appeals has stated that "the law with respect to exculpatory clauses is different from that with respect to indemnification clauses.'" Atl. Contracting & Material Co., Inc. v. Adcock, 161 N.C.App. 273, 280 (2003) (quoting Candid Camera Video World, Inc. v. Mathews, 76 N.C.App. 634, 636 (1985), disc. review denied, 315 N.C. 390 (1986)). "Specifically, '[t]here is a distinction between contracts whereby one seeks to wholly exempt himself from liability for the consequences of his negligent acts, and contracts of indemnity against liability imposed for the consequences of his negligent acts.'" Id. (quoting Gibbs v. Carolina Power & Light Co., 265 N.C. 459, 467 (1965)).

"Ordinarily, indemnity connotes liability for derivative fault." Dixie Container Corp. of N.C. v. Dale, 273 N.C. 624, 628 (1968) (citing Edwards v. Hamill, 262 N.C. 528 (1964)); see also WakeMed v. Surgical Care Affiliates, LLC, 243 N.C.App. 820, 825 (2015) ("'In indemnity contracts the engagement is to make good and save another harmless from loss on some obligation which

---

[2] Because the Court has subject-matter jurisdiction based on diversity, see 28 U.S.C. § 1332, Docs. 4, 7, North Carolina substantive law and federal procedural rules apply. See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 599–600 (4th Cir. 2004) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938)).

5

he has incurred or is about to incur to a third party[.]"') (quoting <u>Dale</u>, 273 N.C. at 628 (1968)).

In contrast, waivers or exculpatory agreements are "[a]greements signed by plaintiffs [that] can exempt defendants from liability for negligence alleged in the complaint." <u>Tsonev for Estate of Shearer v. McAir, Inc.</u>, 272 N.C.App. 689, 693 (2020) (citing <u>Hall v. Refining Co.</u>, 242 N.C. 707, 709 (1955) (internal citation omitted)).

In <u>Strawbridge v. Sugar Mountain Resort, Inc.</u>, 320 F. Supp. 2d 425, 433 (W.D.N.C. 2004), a judge of this Court found that exculpatory language on a ski lift ticket was unenforceable because it violated N.C.G.S. § 99C-2(c)(7), which imposed a duty on ski area operators not to engage willfully or negligently in any type of conduct that contributed to or caused injury to another person or his properties and, alternatively, was contrary to the public interest.

### B. Construing the Notice

In this case, Plaintiff contends that the Notice is an exculpatory contract that is invalid under <u>Strawbridge</u> and, therefore, that the counterclaim must be dismissed.

Defendant disagrees and argues that the Notice is not an exculpatory contract or a waiver, but rather an indemnity contract to which <u>Strawbridge</u> does not apply. More specifically, according to Defendant, the Notice does not

6

bar Plaintiff from suing Defendant, "it merely states that if [Plaintiff] is found negligent in her lawsuit, and thus contributorily negligent, [Plaintiff] will indemnify [Defendant] for her claim." Doc. 9 at 13. During the August 14, 2024 hearing, Defendant confirmed that, should the Court not view the Notice as being an indemnity contract, Defendant is not arguing, in the alternative, that the Notice should be read as a waiver or exculpatory agreement.

The undersigned agrees generally with Defendant that the Notice appears to be an indemnification contract, though disagrees with Defendant's view regarding the enforceability of the Notice in the circumstances presented here.

Defendant has asserted the counterclaim in response to direct claims brought by Plaintiff—not in response to claims brought against Defendant by a third party and for which Defendant seeks indemnity from Plaintiff.

Further, Defendant has provided no authority from any court in which an indemnity agreement has been enforced against a plaintiff for that plaintiff's own negligence in similar circumstances. See Atl. Contracting & Material Co., Inc. v. Adcock, 161 N.C.App. 273, 280 (2003) ("[t]he legal effect of indemnity clauses is well-established: 'Indemnity contracts are entered into to save one party harmless from some loss or obligation which it has incurred or may incur *to a third party*.'") (quoting Kirkpatrick & Assocs., Inc. v. Wickes Corp., 53 N.C. App. 306, 308 (1981)) (emphasis in original).

In addition, Defendant does not explain sufficiently how the Notice, if it were to be construed as an indemnity contract with respect to Plaintiff's claims against Defendant, would interact with the North Carolina common law doctrine of contributory negligence. See e.g. Washington v. Cedar Fair, L.P., No. 3:22-cv-244-MOC-DSC, 2023 WL 2480465, at *3 (W.D.N.C. March 10, 2023) (explaining that under North Carolina law, a plaintiff's contributory negligence acts as "a complete bar to a plaintiff's recovery from a defendant 'who commits an act of ordinary negligence'" but that a plaintiff's ordinary contributory negligence does not bar recovery when a "'defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries.'") (quoting Sorrells v. M.Y.B. Hosp. Ventures of Asheville, 332 N.C. 645, 647 (1992) and Davis v. Hulsing Enters, LLC, 370 N.C. 455, 459 (2018)). During the hearing, Defendant agreed that if Plaintiff is found to be contributorily negligent,[3] she will be prohibited from recovering on her ordinary negligence claims against Defendant as a matter of law. Defendant argued, though, that even in that scenario, the Notice would remain active and would allow Defendant to require Plaintiff to indemnify Defendant for its costs and attorney's fees. However, Defendant has not provided any specific authority to support such a result.

_____

[3] Defendant has pled contributory negligence as its third affirmative defense in its Amended Answer and Counterclaim. Doc. 6 at 11-12.

Consequently, regardless of whether the Notice could be enforced as an indemnity contract in other circumstances,[4] the undersigned is not convinced that it may be enforced against Plaintiff in response to her direct claims in this case.[5]

## V.    Recommendation

For the reasons set out herein, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion to Dismiss (Doc. 8) be **GRANTED** and that Defendant's counterclaim, which appears as its Nineteenth Defense in its Amended Answer and Counterclaim, be **DISMISSED**.

Signed: August 28, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[4] For example, since this case does not involve a claim by a third party against Defendant, it is not necessary for the Court to determine whether the Notice would be enforceable as an indemnity provision against Plaintiff in the context of such a claim and the undersigned expresses no opinion in that regard.

[5] During the hearing, Plaintiff asserted that even if the Notice is construed as being an indemnity contract, the logic of <u>Strawbridge</u> would remain applicable and the counterclaim should still be dismissed. However, Plaintiff has provided no authority in which the reasoning of <u>Strawbridge</u> has been extended to cover indemnity contracts and it is not otherwise necessary to reach this issue because the undersigned does not construe the Notice as being an indemnity contract as it is applied to Plaintiff's claims against Defendant.

9

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).